Cite as: 589 U. S. ____ (2019)          1

# SUPREME COURT OF THE UNITED STATES

_____

No. 19A615

_____

## WILLIAM P. BARR, ATTORNEY GENERAL, ET AL. *v.* JAMES H. ROANE, JR., ET AL.

ON APPLICATION FOR STAY OR VACATUR

[December 6, 2019]

The application for stay or vacatur presented to THE CHIEF JUSTICE and by him referred to the Court is denied. We expect that the Court of Appeals will render its decision with appropriate dispatch.

Statement of JUSTICE ALITO, with whom JUSTICE GORSUCH and JUSTICE KAVANAUGH join, respecting the denial of stay or vacatur.

The District Court for the District of Columbia has preliminarily enjoined the Federal Government from carrying out the execution of four prisoners who were convicted in federal court more than 15 years ago for exceptionally heinous murders. In this action, none of the four is contesting his guilt or his sentence, but the District Court enjoined the Bureau of Prisons (BOP) from carrying out these executions based on its interpretation of a statute, 18 U. S. C. §3596(a), directing that federal executions be implemented "in the manner prescribed by the law of the State in which the sentence is imposed." This means, the Government contends, that the mode of execution (*i.e.*, by lethal injection, electrocution, etc.) must be the same as that called for under the law of the State in question, but the District Court held instead that a federal execution must follow all the procedures that would be used in an execution in that State—down to the selection of the way a catheter is inserted.

The Government has shown that it is very likely to prevail when this question is ultimately decided. The centerpiece of the District Court's reasoning was that Congress referred to the "manner" and not the "method" of execution, but there is strong evidence that this reading is not supported either by the ordinary meaning of these two terms or by the use of the term "manner" in prior federal death penalty statutes. Moreover, the District Court's interpretation would lead to results that Congress is unlikely to have intended. It would require the BOP to follow procedures that have been attacked as less safe than the ones the BOP has devised (after extensive study); it would demand that the BOP pointlessly copy minor details of a State's protocol; and it could well make it impossible to carry out executions of prisoners sentenced in some States.

Vacating the stay issued by the District Court for the District of Columbia would not necessarily mean that the prisoners in question would be executed before the merits of their Administrative Procedure Act claim is adjudicated. They remain free to seek review on other grounds. Nevertheless, in light of what is at stake, it would be preferable for the District Court's decision to be reviewed on the merits by the Court of Appeals for the District of Columbia Circuit before the executions are carried out.

The Court has expressed the hope that the Court of Appeals will proceed with "appropriate dispatch," and I see no reason why the Court of Appeals should not be able to decide this case, one way or the other, within the next 60 days. The question, though important, is straightforward and has already been very ably briefed in considerable detail by both the Solicitor General and by the prisoners' 17-attorney legal team. For these reasons, I would state expressly in the order issued today that the denial of the application to vacate is without prejudice to the filing of a renewed application if the injunction is still in place 60 days from now.